NEFTALÍ VIDAL GARRASTAZU, Plaintiff and Appellee, v. JUAN A. MONAGAS ET AL., Defendants and Appellants.

No. 9240. Argued February 4, 1947.—Decided February 10, 1947.

*José Sabater* and *J. Benítez Gautier* for appellants. *J. Alemañy Sosa* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

In the present case this court rendered final judgment on November 12, 1946, which was notified on the 13th of the same month. Five days later appellants filed a motion seeking the retention of the mandate and that a term be granted for the filing of a motion for rehearing. Three days later (November 21) this court ordered that the mandate be withheld and granted the defendants until December 10, 1946, to file the motion for rehearing, which they did on December 9, 1946. The motion for rehearing is being entertained by this court, but due to the bulk of the motion and the nature of the questions raised therein, it has not yet been disposed of.

Defendants now move that we set aside our judgment of November 12, 1946, until the motion for reconsideration be disposed of, because they believe that the filing of the motion does not interrupt the time for appeal which is about to elapse. They rely on our order of July 26, 1946, which set aside the judgment in *Mercado* v. *Mercado,* 66 P.R.R. 36, until the motions for rehearing filed by them were disposed of. They also cited *Jusino* v. *Morales & Tió,* 139 F. (2d) 946.

██ Since the decision of *Fernández et al.* v. *Carrasquillo,* 146 F. (2d) 204, the rule in this jurisdiction is that when a petition for rehearing is timely filed in this court, the time fixed for appealing to the Circuit Court of Appeals does not begin to run until the motion is disposed of. It was also decided in that case that the word "entertainment" used in an appeal from this court to the Circuit Court of Appeals, has a connotation different from that in § 292 of the Code of Civil Procedure, as amended by Act No. 67 of May 8, 1937 (Laws of 1937, p. 190.)

A motion for rehearing timely filed, as in this case, interrupts the time for appeal to the Cicuit Court of Appeals, even though this court does not summon the parties to be heard and refuses the motion outright without a written opinion.

Our decision of July 26, 1946, rendered in *Mercado* v. *Mercado, supra,* is inapposite. That case dealt with an apparently divisible judgment and, since one of the parties prayed that the effect of the judgment be stayed in its entirety until the motion for rehearing be disposed of, the judgment was set aside.

Neither is *Jusino* v. *Morales, supra,* applicable. That case came from the United States District Court for Puerto Rico and the issue was whether the motion for rehearing had been timely filed. As the Circuit Court of Appeals reached the conclusion that said motion was filed after the

term had elapsed, it was decided that its filing had not interrupted the time for appeal.

Since we do not find it necessary in the present case to set aside the judgment, inasmuch as the effect thereof has been stayed by operation of law by virtue of the motion for rehearing timely filed, defendants' motion to have the judgment set aside is denied.

Mr. Justice Snyder did not participate herein.